IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CR-11-54-JHP |
| | ) | |
| EDUARDO ROLON-CHAVEZ, *et al.*, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the court is defendant Eduardo Rolon-Chavez's "Motion to Dismiss Count Two," (Docket No. 44) which moves the court to dismiss Count Two of the Indictment (Docket No. 4) on the grounds that Count One and Count Two are multiplicious. The government has responded in opposition to the motion. Docket No. 47.

On July 12, 2011, Eduardo Rolon-Chavez was indicted along with co-defendants Carlos Cortez-Aguilar and Arturo Lopez-Ortega. *See* Indictment at 1, Docket No. 4. Rolon-Chavez is named in the first two counts of the three-count indictment. *See id.* at 1-2. Count One charges that, on or about May 26, 2011, Rolon-Chavez disposed ammunition to co-defendant Cortez-Aguilar, then knowing and having reasonable cause to believe that Cortez-Aguilar was illegally and unlawfully in the United States in violation of 18 U.S.C. § 922(d)(5). Count Two charges that on May 26, 2011, Rolon-Chavez aided and abetted Cortez-Aguilar, an alien illegally and unlawfully in the United States, with possession of ammunition, a crime pursuant to 18 U.S.C. § 922(g)(5). It is these allegations which Rolon-Chavez claims are multiplicious.

"Multiplicity refers to multiple counts of an indictment which cover the same criminal behavior." United States v. Meuli, 8 F.3d 1481, 1485 (10th Cir. 1993) (quoting United States v.

1

Dashney, 937 F.2d 532, n.7 (10th Cir), *cert. denied*, 502 U.S. 951 (1991)). "While multiplicity is not fatal to an indictment, it poses the threat of multiple sentences for the same offense and may improperly suggest to the jury that the defendant has committed more than one crime. The threat of multiple sentences for the same offense raises double jeopardy implications." United States v. Morehead, 959 F.2d 1489, 1505 (10th Cir. 1992) (collecting cases) (internal citations omitted). The test used to determine whether counts are multiplicious is set forth in *Blockburger v. United States*:

> [W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not.

284 U.S. 299, 304 (1932) (citing Gavieres v. United States, 220 U.S. 338, 342 (1911)). Thus, the court must analyze the elements of each count alleged to be multiplicious to determine whether each offense contains at least one element not present in the other.

Count One alleges that Rolon-Chavez unlawfully disposed of ammunition to an illegal alien in violation of 18 U.S.C. § 922(d)(5). This section states, "It shall be unlawful for any person to sell or otherwise dispose of any firearm or ammunition to any person knowing or having reasonable cause to believe that such person . . . who, being an alien – is illegally or unlawfully inside the United States." 18 U.S.C. § 922(d)(5)(A). This statute is comprised of the following elements: (1) defendant knowingly sold or disposed of firearms or ammunition to an illegal alien, and (2) at the time of the sale or disposal of the firearm or ammunition, the defendant knew or had reasonable cause to believe that the person who received the firearm or ammunition was an illegal alien. 18 U.S.C. § 922(d)(5)(a); *see* Tenth Circuit Criminal Pattern Jury Instructions § 2.43 (2011).

2

Count Two alleges that Rolon-Chavez aided and abetted Cortez-Aguilar, an illegal alien, in the criminal act of possessing ammunition,[1] pursuant to 18 U.S.C. § 2(a), which states, "Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal." The Supreme Court defined aiding and abetting in *Nye & Nissen v. United States*: "In order to aid and abet another to commit a crime it is necessary that a defendant 'in some sort associate himself with the venture, that he participate in it as in something that he wishes to bring about, that he seek by his action to make it succeed.'" 336 U.S. 613, 619 (1949) (quoting United States v. Peoni, 100 F.2d 401, 402 (2d Cir. 1938) (L. Hand, J.)); *see* United States v. Anderson, 189 F.3d 1201, 1207 (10th Cir. 1999). Interpreting 18 U.S.C. § 2(a), the elements which must be proven to establish the offense of aiding and abetting are: (1) someone other than the defendant charged with aiding and abetting committed the charged crime (i.e. the principal), and (2) the defendant intentionally associated himself with the crime and intentionally participated in the crime as he would in a venture he wished to succeed. *See* Tenth Circuit Criminal Pattern Jury Instructions § 2.06 (2011).

After reviewing the statutes under which Rolon-Chavez is charged, 18 U.S.C. § 922(d)(5) and 18 U.S.C. § 2(a), the court has concluded that each offense contains at least one element that the other does not. 18 U.S.C. § 922(d)(5) requires the defendant to have *sold or disposed* of a firearm or ammunition to an illegal alien, whereas 18 U.S.C. § 2(a) has no such requirement.

---

[1] 18 U.S.C. § 922(g)(5) makes it a crime for any illegal alien to possess a firearm or ammunition in the United States. 18 U.S.C. § 922(g)(5)(A) ("It shall be unlawful for any person . . . who, being an alien . . . is illegally or unlawfully in the United States . . . to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.")

3

Likewise, 18 U.S.C. § 2(a) requires the defendant to have associated himself and participated in the undertaking of criminal activity in a way that demonstrates he wanted it to succeed. 18 U.S.C. § 922(d)(5) has no such requirement. Further, the court recognizes that Count One and Count Two of the Indictment allege distinct criminal activities. Count One charges Rolon-Chavez directly with *disposing* of ammunition to an illegal alien, while Count Two charges Rolon-Chavez with *aiding and abetting* Cortez-Aguilar's illegal *possession* of ammunition. Because each count charges distinct criminal activity and requires proof of at least one element that the other count does not, Counts One and Two of the Indictment are not multiplicious.

## CONCLUSION

For the reasons stated herein, Defendant Eduardo Rolon-Chavez's Motion to Dismiss Count Two (Docket No. 44) is DENIED.

IT IS SO ORDERED this 5th day of August, 2011.

*James H. Payne*
James H. Payne
United States District Judge
Eastern District of Oklahoma